# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WISCONSIN PIPE TRADES HEALTH FUND and
KEVIN LAMERE (in his capacity as Trustee),**

**KENOSHA PLUMBERS LOCAL 118 PENSION FUND and
ROGER CLARK (in his capacity as Trustee),**

    Plaintiffs,

  v.                                                Case No. 15-CV-1155

**CHRIS KORMAN PLUMBING, LLC,**

    Defendant.

## ORDER ON SUMMARY JUDGMENT MOTIONS

The plaintiffs commenced this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), alleging the defendant owes benefit contributions to the plaintiff funds pursuant to a collective bargaining agreement with Local Union # 118 of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada. The parties proposed to proceed with this case in two phases. Phase 1 is whether the defendant must submit to an audit and Phase 2 is regarding damages owed. (Docket # 11.)

On April 29, 2016, the defendant moved for summary judgment seeking an order that the plaintiffs are entitled to conduct an audit of the defendant only for the period of April 1, 2012 to June 30, 2012 and that the defendant had no obligation to make contributions to the plaintiffs on or after June 30, 2012. (Docket # 15.) Alternatively, the defendant argues that the audit should not extend beyond May 31, 2014. (Docket # 16 at

10.) The plaintiffs also moved for summary judgment, arguing they were entitled to conduct an audit of the defendant for the time period through May 31, 2014. (Docket # 26.) The plaintiffs further argue they are entitled to conduct an audit of Chris Korman as an owner of the company.

The defendant filed a response to the plaintiffs' motion, stating that it does not object to the court ordering an audit for the period from April 1, 2012 through May 31, 2014, the alternative relief requested by the defendant in its motion for summary judgment. (Docket # 30 at 3.) The defendant argues, however, that whether it had contribution obligations as to Chris Korman as an owner of the company is outside the scope of Phase 1. (Docket # 36 at 2.)

I held a hearing on the parties' motions on June 30, 2016. The parties acknowledged that there was no dispute as to the length of the audit period and thus I ordered the length of the audit period to be April 1, 2012 through May 31, 2014. The parties disagree as to whether Chris Korman's records should be included in Phase 1 and I found that this issue is beyond the scope of Phase 1. (Docket # 39.)

For these reasons, both parties' motions for summary judgment are granted to the extent that the audit period is to be from April 1, 2012 through May 31, 2014.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the plaintiffs' motion for summary judgment (Docket # 26) and the defendant's motion for summary judgment (Docket # 15) are **GRANTED IN PART AND DENIED IN PART**. The audit period is to be from April

2

1, 2012 through May 31, 2014. Whether Chris Korman's records should be included in the audit is beyond the scope of Phase 1.

Dated at Milwaukee, Wisconsin this 1st day of July, 2016.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge